John P. **CRAWFORD** and Susan M. Crawford, Plaintiffs,

v.

**GILBANE BUILDING COMPANY;** Nastasi White, Inc.; Corfax Group, Inc.; Cassidy Plastering Company/Guy C. Long, Inc., Joint Venture, Defendants.

Superior Court of Delaware, New Castle County.

Submitted Oct. 8, 1986.
Decided Nov. 10, 1986.

Harvey Bernard Rubenstein, Wilmington, for plaintiffs.

J.R. Julian of J.R. Julian, P.A., Wilmington, for defendants.

BIFFERATO, Judge.

A question of law has arisen during pretrial proceedings in this case. This is the Court's decision on the matter.

Defendant Gilbane Building Company was the prime contractor for the construction of the Christiana Hospital, while defendants Nastasi White, Corfax, and Cassidy/Long were trade contractors. Plaintiff John P. Crawford, an ironworker on the site, was employed by another trade contractor, Steel Suppliers. He was injured when he fell on a stairway used by workers on the job. Mr. Crawford brought this suit.

On July 1, 1985, plaintiffs[1] requested defendants admit that the Delaware Department of Labor adopted the standards of the Occupational Safety and Health Act ("OSHA"); that the standards were in effect at the time of Mr. Crawford's injury; and that any violation of the standards constituted negligence *per se*. A February 17, 1986 letter from plaintiffs to defendants confirmed that defendants objected to and/or denied that a violation of OSHA standards constituted negligence *per se*, while they admitted that the standards were adopted and in effect at the time of the accident.

Therefore, the issue the Court must decide is whether a violation of OSHA standards constitutes negligence *per se* in Delaware.

Safety standard rules in Delaware are described in 19 *Del.C.* § 106. The statute allows the Department of Labor to make such rules, which have the force and effect of law. *Id.* Delaware has incorporated by reference the OSHA standards originally promulgated by the United States Secretary of Labor under the federal Occupational Safety and Health Act, 29 U.S.C. § 651, *et seq. Rabar v. E.I. duPont de Nemours & Co., Inc.,* Del.Super., 415 A.2d 499 (1980). Thus, the adopted OSHA standards have "force and effect of law" in this state. 19 *Del.C.* § 106.

The OSHA standards were adopted December 5, 1973. This accident occurred on January 13, 1983. The standards were in force at the time of the accident.

The Court must now decide whether a violation of the OSHA standards constitutes negligence *per se.*

The common law doctrine of negligence *per se* has been utilized in Delaware. *Wealth v. Renai,* Del.Super., 114 A.2d 809 (1955); *Lynch v. Lynch,* Del.Super., 195 A. 799 (1937); *Farrow v. Hoffecker,* Del.Super., 79 A. 920 (1906). The doctrine comes into play when a statute, designed to protect the class of persons in which the plaintiff is included, against the type of harm which will occur as a result of its violation, is not followed, and the injury occurs. W. Prosser & W.P. Keeton, *The Law of Torts,* § 36 (5th ed. 1984). The issue of negligence is removed from the jury, as any divergence from the standard is negligence as a matter of law. *Id.*

In *Rabar,* 415 A.2d at 503, this Court dealt with alleged violations of OSHA standards and said, "Defendant duPont agrees with Plaintiff in principle that these regulations may provide the basis for application of the negligence *per se* doctrine. However, duPont correctly contends that the doctrine cannot apply unless the Court determines that duPont was required by law to conform to the regulatory standards."

While the Court did not expressly enunciate that a violation of the OSHA standards constitutes negligence *per se*, it seems the Court said that if duPont were required to follow OSHA standards, and did not, there would be negligence *per se.* While the rule is not stated, it is implied.

The United States District Court for the District of Delaware interpreted *Rabar* as clearly setting forth a negligence *per se* doctrine. In *Carroll v. Getty Oil Co.,* D.Del., 498 F.Supp. 409 (1980), the Court held, "Indeed, in *Rabar v. E.I. duPont de Nemours & Co., Inc.,* supra, the Delaware Superior Court held that where one who is responsible for implementing OSHA safety regulations, which have been adopted by the Delaware Secretary of Labor as Delaware regulations, violates those regula-

---

**1.** Mrs. Crawford is also a plaintiff, alleging loss of consortium.

tions, the violator is negligent *per se.*" *Id.* at 413.

When faced with these precedential Delaware cases, defendants argue that the Superior Court erroneous[ly] interpret[ed] the law and the U.S. District Court for the District of Delaware misinterpreted Delaware case law.

Defendants go on to cite foreign courts' (Montana, North Carolina, and Iowa) decisions holding that violations of OSHA standards do not constitute negligence *per se.*

The Court is not impressed with foreign precedent when there are Delaware cases directly on point and defendants distinguish those cases only by barely asserting that they were "erroneous" or "misinterpretations."

 Therefore, based upon *stare decisis,* the Court finds that the violation of OSHA standards adopted in Delaware constitutes negligence *per se.* That standard will be used in this trial.

IT IS SO ORDERED.