**Marion G. MASEMER, Individually and as Executrix of the Estate of Frank E. Masemer, deceased, Plaintiff,**

v.

**DELMARVA POWER & LIGHT COMPANY and Intercontinental Chemical Services, Inc., Defendants.**

Civ. A. No. 87–54 JRR.

United States District Court,
D. Delaware.

July 31, 1989.

**1020**

Alan T. Boyd and John H. Newcomer, of Bayard, Handleman & Murdoch, P.A., Wilmington, Del., for plaintiff.

John C. Phillips, Jr., of Phillips and Snyder, P.A., Wilmington, Del., for defendant Intercontinental Chemical Services, Inc.

Paul M. Lukoff, of Prickett, Jones, Elliot, Kristol & Schnee, Wilmington, Del., for defendant Delmarva Power & Light Co.

## MEMORANDUM OPINION

ROTH, District Judge.

This is an action for wrongful death brought by the plaintiff, Marion G. Masemer, individually and as executrix of her deceased husband's estate. The plaintiff contends that on March 19, 1985, the decedent, while delivering crushed limestone to the premises of defendant Intercontinental Chemical Services ("ICS"), backed the truck he was driving into a storage tank and damaged a feed pipe. The plaintiff alleges that, in an attempt to clear the blocked feed pipe, the decedent climbed a ladder to the top of the storage tank, while carrying a piece of pipe. The plaintiff further alleges that at some point the pipe came into contact with an overhead power line operated by defendant Delmarva Power & Light Company ("DP & L"), thereby electrocuting the plaintiff's decedent.

The plaintiff claims that the defendant ICS was negligent, careless, reckless, willful and wanton in violating the safety standards of the Occupational Health and Safety Administration ("OSHA"), 29 C.F.R. § 1910.303(h)(3)(iii).[1] Specifically, the plaintiff contends that there was less than the prescribed distance between the top of the tank and the power line.

As a result of the decedent's accident, OSHA investigated the site and filed two reports. The first report pertains to David W. Hassler, Inc., the decedent's employer. The second report covers defendant ICS. In addition, as a result of the investigation, OSHA cited ICS for a violation of its standards and issued a Notification of Penalty subsequent thereto. ICS paid the fine without formally contesting the amount or the fact of the violation. ICS has filed a Motion *in limine* to determine the admissibility of the OSHA reports, the OSHA citation, the OSHA notification of penalty, and its payment of the fine levied by OSHA.[2]

## DISCUSSION

■ A. *The OSHA Reports.* Federal Rule of Evidence ("FRE") 801(c) prohibits the admission of hearsay at trial. FRE 803, however, lists numerous exceptions to the hearsay rule including an exception that allows the introduction into evidence of reports containing factual findings which are the result of "an investigation made pursuant to authority granted by law, unless the source of information or other circumstances indicate a lack of trustworthiness." FRE 803(8)(C). Recently, in *Beech Aircraft Corp. v. Rainey,* ——

---

1. The federal OSHA standards have been adopted in their entirety by the State of Delaware Department of Labor. Therefore, a violation of the federal standard is also a violation of the state standard.

2. The plaintiff has also per our instructions addressed the issue of whether a violation of an OSHA standard constitutes negligence *per se.* The defendant has failed to respond to the plaintiff's authority. Based on our own research, we find that the plaintiff's authority is controlling. Therefore, since jurisdiction in this case is based on diversity, requiring us to apply the law of Delaware, the forum state, *Erie RR Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we hold that if a violation of an OSHA standard is proven in this case, that constitutes negligence *per se. Carroll v. Getty Oil Co.,* 498 F.Supp. 409 (D.Del.1980); *Rabar v. E.I. du Pont de Nemours & Co.,* 415 A.2d 499, 505 (Del.Super.1980).

U.S. ——, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988), the Supreme Court held that FRE 803 should not be read to bar the introduction of everything other than "facts." Instead, the Court held the Rule did not preclude the introduction of opinions or conclusions contained in such reports as long as two criteria were met. First, all statements in a report that a party seeks to have admitted must be based on factual investigation. *Id.* 109 S.Ct. at 449. Second, any part of a report that is to be admitted must be sufficiently trustworthy. *Id.*

Determining whether a report is trustworthy can be troublesome, however. The Supreme Court in *Beech Aircraft* cited with approval four non-exhaustive factors proposed by the Advisory Committee to aid in the resolution of this question: "(1) the timeliness of the investigation; (2) the investigator's skill and experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." *Id.* 109 S.Ct. at 449 n. 11 (citing Advisory Committee's Notes on Fed.R.Evid. 803(8), 28 U.S.C.App. p. 725). The Court also noted that perhaps the strongest safeguard against introduction of conclusions in reports is "the opponent's right to present evidence tending to contradict or diminish the weight of those conclusions." *Id.* 109 S.Ct. at 449.

Finally, the Advisory Committee's Comments to the Rule indicate that reports are to be presumed to be admissible in the first instance. Only when there are "sufficient negative factors" should a report be excluded. Therefore, the party opposing the introduction of a report bears the burden of coming forward with enough "negative factors" to persuade a court that a report should not be admitted. *See also id.* 109 S.Ct. at 448.

In the matter *sub judice*, the defendant has failed to provide evidence sufficient to place into question the trustworthiness of the OSHA reports and thereby preclude their introduction. The investigation was timely, taking place one day after the accident at issue. The defendant has failed to produce any evidence that would call into question the investigator's experience and skill.[3] Because the report emanated from an on-site investigation of the accident site rather than a full-blown investigation, the report may not be as reliable as one prepared after months of investigation, but the plaintiff has not chosen to attack the report on this ground. We therefore conclude that this factor does not preclude the introduction of the OSHA reports. Finally, we find that because this report was prepared by an independent governmental agency charged with investigating accidents in the workplace, there can be no question of bias on the part of the investigator. *See In re Japanese Electronic Products Antitrust Litigation,* 723 F.2d 238, 268–69 (3d Cir.1983) (subsequent history omitted). For these reasons we find that the OSHA reports are not excludable on lack of trustworthiness grounds.[4]

■ ICS also seeks to exclude parts of the report that refer to subsequent remedial measures under FRE 407. This Rule provides that:

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evi-

3. FRE 803(8)(C) presumes the admissibility of such reports and therefore it is the responsibility of the party opposing a report's admission into evidence to produce evidence regarding the insufficiency of the investigator's skill and experience. Since the defendant has provided no such evidence, we assume that the investigator had sufficient skill and experience in accordance with the strictures of the Rule.

4. The defendant also argues that seven supplemental factors enumerated by the court in *Zenith Radio Corp. v. Matsushita Elec. Ind. Co.,* 505 F.Supp. 1125 (E.D.Pa.1980), preclude introduction of the OSHA reports. We are not per-

suaded by their arguments. As that Court noted, several of the seven criteria are "essentially refinements of the Advisory Committee's criteria." *Id.* at 1147 n. 16. Moreover, the Court of Appeals for the Third Circuit has questioned these factors in the context of an investigation performed by a public official pursuant to a duty imposed by law, stating that "the trial court gave undue weight to considerations either legally irrelevant under Rule 803(8)(C) or of only slight relevance, and too little weight to the fact that the investigation was conducted by officials charged with a legal duty to conduct it...." *In re Japanese,* 723 F.2d at 269.

dence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. Because in our review of the OSHA reports it is apparent that portions of the reports refer to subsequent remedial measures, we will order that these parts be redacted by the plaintiff before their introduction into evidence. *E.g., Beech Aircraft*, 109 S.Ct. at 449 (other evidentiary rules dealing with relevancy and prejudice provide courts with additional means of excluding portions of evaluative reports).[5]

B. *The OSHA Citation, OSHA Notification of Penalty, and ICS's Payment of Fine.* The defendant objects to introduction of all of these materials, arguing that FRE 408, which prohibits the introduction of "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount ... to prove liability for or invalidity of the claim or its amount," precludes the introduction of all of these materials.

■ FRE 408 does not speak to evidence of a citation, fine, or notification of penalty being excluded; it only addresses evidence of compromising a disputed claim as to either validity or amount. Consequently, FRE 408 does not bar the admission into evidence of the OSHA citation or the OSHA Notification of Penalty. These will not be excluded.

■ Somewhat more problematic is whether it is permissible to introduce the fact that ICS paid the OSHA fine.[6] There are two major policy reasons behind FRE 408. First, evidence of this nature may be irrelevant in the sense that payment of a fine may be motivated by "a desire for peace rather than from any concession of weakness of position." Advisory Committee's Notes on Fed.R.Evid. 408. According to the Advisory Committee, the strength of this position depends on the size of the fine in relation to the offer and to other circumstances. *Id.* Second, this prohibition promotes the policy of favoring the compromise and settlement of disputes. As it applies to disputes between OSHA and the defendant, application of FRE 408 would promote compromise rather than dragging out every dispute into full-blown agency hearings or full-blown litigation.

Viewing the situation in its entirety, we conclude that FRE 408 prohibits the introduction into evidence the fact that ICS paid the OSHA fine. Although the plaintiff makes valid arguments that there is a lack of clear evidence that ICS disputed either the amount or validity of the citation, we find that the circumstances of this situation together with the policy reasons behind barring the introduction of this evidence amply support our conclusion.

We give substantial weight to ICS's contention that it paid the fine in an effort "to secure the peace" between itself and OSHA with which it must deal on a regular basis. In addition, we conclude that in light of the fact that the fine was only $490, it was reasonable for ICS not to contest the fine and pay it rather than to spend what surely would have been substantially more than $490 in an effort to avoid paying the fine. These two reasons support the conclusion that evidence that ICS paid the fine may actually be irrelevant.

5. The plaintiff objects to the length of the defendant's response to the Court's request that the parties reexamine the OSHA reports, arguing that the defendant has raised new arguments without permitting the plaintiff the ability to respond, that "numerous liberties [were taken] with the factual record," and asking that the Supplemental Brief be excluded from the Court's consideration of this matter. Because we view the flurry of letters following our request for reexamination of the OSHA reports as little more than needless bickering, and since we disagree with the plaintiff that the defen-

dant's response was outside the scope of the Court's request, we have considered all materials submitted to the Court relevant to the determinations made in this Memorandum Opinion.

6. Although FRE 408 strictly addresses only offers of compromise, the Advisory Committee Notes indicate that the prohibition can extend to "completed compromises when offered against a party thereto." Advisory Committee's Notes on Fed.R.Evid. 408.

Finally, we conclude that permitting the introduction into evidence of ICS's payment of this penalty may undermine the public policy of encouraging compromise and settlement of similar fines by discouraging companies like ICS to quickly settle and pay relatively minor monetary fines of this nature. It would be grossly inefficient to require employers to enter into formal agency proceedings or to initiate litigation just to ensure that their quick settlement of small fine does not transform itself into an admission of negligence or liability.