Christopher **FIGGS** and Kathleen Figgs, Plaintiffs,

v.

**BELLEVUE HOLDING COMPANY, a corporation of the State of Delaware, and Franklin Fabricators, Inc., a corporation of the State of Delaware, Defendants.**

C.A. No. 92C–12–058.

Superior Court of Delaware, New Castle County.

Submitted: Sept. 14, 1994.
Decided: Sept. 20, 1994.

James R. Leonard, Potter, Crosse & Leonard, P.A., Wilmington, for plaintiff.

Richard W. Pell, Tybout, Redfearn & Pell, Wilmington, for defendant Bellevue Holding Co.

William J. Cattie, III, Heckler & Cattie, Wilmington, for defendant Franklin Fabricators.

## OPINION

DEL PESCO, Judge.

On May 8, 1991, plaintiff Christopher Figgs was injured when he fell from the second floor of a building owned by MBNA Corporation. The building ("the construction site" or "the site") from which plaintiff fell was under construction at the time of his accident. The general contractor for the

construction site was defendant Bellevue Holding Company ("Bellevue"). Bellevue employed several subcontractors on the site as well. Defendant Franklin Fabricators ("Franklin") was a steel-work subcontractor and DeShong Construction ("DeShong"), plaintiff's employer, was a subcontractor responsible for additional work.

On December 7, 1992, plaintiffs filed this personal injury suit against the defendants alleging negligence. On October 1, 1993, defendant Franklin filed a motion for summary judgment on the grounds that Franklin was no longer on the job site at the time of the accident and did not owe a duty to plaintiff, the employee of another subcontractor. Argument on the motion was held on December 7, 1993, at which time this Court granted summary judgment for the defendant finding that Franklin did not have control over the area, nor did they have a duty to provide for the safety of the employees of the other subcontractors. On December 10, 1993, plaintiffs filed a motion for reargument contending that, in Delaware, a duty of care is owed to the employees of subcontractors pursuant to OSHA. The motion for reargument was granted by this Court on December 22, 1993, and the parties were directed to submit briefs addressing the issue of whether specific OSHA provisions establish a duty on the part of Franklin. The parties filed their briefs and thereafter both parties filed letters addressing the issue of whether newly-discovered bid documents stating the responsibilities of all contractors bidding to perform work at the site imposed a duty upon Franklin. Oral argument was held on September 14, 1994. The motion is now ripe for decision.

## I. THE STANDARD FOR SUMMARY JUDGMENT

When considering a motion for summary judgment, the Court must examine the record and determine whether there is any genuine issue of material fact. *Moore v. Sizemore,* Del.Supr., 405 A.2d 679 (1979). Summary judgment is appropriate where, after viewing the record in the light most favorable to the non-moving party, the Court finds that there is no genuine issue of materi-

al fact. *Pullman, Inc. v. Phoenix Steel Corp.,* Del.Super., 304 A.2d 334 (1973). In a construction case, the determination of whether a particular employer owed a duty to the plaintiff is generally one of law to be determined by the Court. *See O'Connor v. Diamond State Telephone Co.,* Del.Super., 503 A.2d 661 (1985).

## II. FACTS

The following are the facts of the case as they appear in the record. Defendant Franklin was responsible for doing miscellaneous steel work at the construction site. This work included, *inter alia,* installing metal pans on two side fire staircases and one grand staircase. Upon completion of the installation of the metal pans, the masonry subcontractor filled the pans with concrete to construct the treads of the stairs. There is some dispute as to whether Franklin employees were on the site at all at the time of plaintiff's fall from the grand staircase, but it is clear from the record that on the day of the accident, employees of Franklin were not engaged in work at that location. There is also some disagreement in the record as to whether plaintiff was advised by an employee of Bellevue to use the grand staircase to access the second floor, but such a determination is not relevant for purposes of this motion. The record does reflect that there were two safety cables at the top of the grand staircase which extended around the entire perimeter of the second floor. It is further undisputed that there were no handrails on the grand staircase. It is unclear whether there was a barricade at the bottom of the stairs; however, such a factual determination is not necessary in the context of the issue at hand.

On the date of the accident, plaintiff was working on the second floor of the building to which he gained access by using the grand staircase. Plaintiff and his co-workers were in the process of removing their equipment from the second floor by use of the grand staircase. In order to get to the top landing of the grand staircase, plaintiff went between the two cables located at the top opening of the staircase. Plaintiff was walking backward carrying one end of a ladder when he

stepped off the staircase and fell to the first floor. As a result of his fall, plaintiff suffered a broken leg, ankle, and heel.

### III. FRANKLIN'S DUTY

The issues before the Court at this time are whether Franklin had the duty to install temporary handrails on the grand staircase and whether that duty was owed to the plaintiff, an employee of another subcontractor. In a construction case, the determination as to whether or not one contractor owed a duty to a plaintiff is generally one of law to be determined by the Court. *See O'Connor v. Diamond State Telephone Co.,* Del.Super., 503 A.2d 661 (1985). For the following reasons, this Court finds that Franklin did owe such a duty to plaintiff.

Plaintiffs contend that Franklin was duty bound by statute, trade custom, and contract, to install the temporary handrails around the staircase which it had constructed. This Court will address each of plaintiffs' contentions *seriatim.*

A. *Whether Franklin was duty bound by statute.*

In his complaint, plaintiff alleged that Franklin acted in violation of certain federal Occupational Safety and Health Act ("OSHA") regulations as adopted by Delaware law.

1. *Delaware OSHA standards.* Plaintiff argues that the federal OSHA regulations have been adopted by the Delaware Department of Labor pursuant to its authority under enabling statute 19 *Del.C.* § 106 to "make, modify and repeal rules for the prevention of accidents or of industrial or occupational diseases ... or such rules for the

construction, repair and maintenance of places of employment as shall render them safe. Such rules when made shall have the force and effect of law...." 19 *Del.C.* § 106(a). The enabling legislation makes it clear that the purpose of the regulations is to prevent accidents at the workplace. *See* 19 *Del.C.* § 106(a); *Owens v. Process Industries, Inc.,* D.Del., 722 F.Supp. 70, 75 (1989). Therefore, plaintiffs deduce that Franklin's failure to satisfy the requirements of OSHA constitutes negligence *per se. Owens,* 722 F.Supp. at 73; *Masener v. Delmarva Power & Light Co.,* D.Del., 723 F.Supp. 1019, 1020 n. 2 (1989); *Carroll v. Getty Oil Co.,* D.Del., 498 F.Supp. 409, 412 (1980).

■ Franklin contends that the Delaware OSHA regulations are preempted by the federal OSHA and cannot be used as the legal basis to impose a duty on Franklin, because OSHA specifically preempts all state laws purportedly governing the subject matter of an OSHA regulation. 29 *U.S.C.* § 667.[1]

Franklin acknowledges that a number of Delaware Superior Court and United States District Court for the District of Delaware cases have given effect to Delaware OSHA. However, it contends that a reading of those cases clearly discloses that in no instance was the preemption of the right of Delaware to enact such regulations ever raised by a party.[2] Franklin is correct that this issue has never been raised in Delaware; therefore, this is an issue of first impression.

■ The core premise of the preemption doctrine is that state law must not override or interfere with federal law. *Myrick v. Freuhauf Corp.,* 11th Cir., 13 F.3d 1516 (1994). However, Courts are reluctant to

---

1. 29 U.S.C. § 667 states, in pertinent part, as follows:

   **(b) Submission of State plan for development and enforcement of State standards to preempt applicable Federal standards.**

   Any State which, at any time, desires to assume responsibility for development and enforcement therein of occupational safety and health standards relating to any occupational safety or health issue with respect to which a Federal standard has been promulgated under section 655 of this title shall submit a State plan for the development of such standards and their enforcement.

2. The Court in *Rabar v. E.I. duPont de Nemours & Co.,* Del.Super., 415 A.2d 499 (1980), found that "the Delaware Secretary of Labor ... adopted by reference the federal safety and health regulations contained in Part 1926 of Title 29 of the *Code of Federal Regulations....* [T]heir adoption in this state pursuant to 19 *Del.C.* 106(a) has transformed them into Delaware law." *Rabar,* 415 A.2d at 502. The Court addressed the issue in the context of whether to rely upon federal or state case law. The issues of federal preemption and the requirement that the Secretary of Labor approve a state's plan was not presented to the Court.

find federal preemption because of their interest in avoiding unintended encroachment on the authority of a state. *Id.* Only when Congress' intent to provide preemption is clear and manifest will Courts allow such measures. *CSX Transp., Inc. v. Easterwood,* — U.S. —, —, 113 S.Ct. 1732, 1737, 123 L.Ed.2d 387 (1993); *see also Jones v. Rath Packing Co.,* 430 U.S. 519, 523–27, 97 S.Ct. 1305, 1309–10, 51 L.Ed.2d 604 (1977); *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947). The United States Supreme Court has held that one way a Court may determine whether state law is preempted by federal law is to look to the federal legislation itself to determine whether Congress expressed its intent through a preemption clause. *Cipollone v. Liggett Group, Inc.,* — U.S. —, —, 112 S.Ct. 2608, 2618, 120 L.Ed.2d 407 (1992). "If the statute contains an express pre-emption clause, the task of statutory construction must in the first instance focus on the plain wording of the clause, which necessarily contains the best evidence of Congress' preemptive intent." *CSX Transp., Inc. v. Easterwood,* — U.S. at —, 113 S.Ct. at 1737. Preemption is proper where Congress has defined explicitly the extent to which its enactments preempt state law. *English v. General Electric Co.,* 496 U.S. 72, 78, 110 S.Ct. 2270, 2275, 110 L.Ed.2d 65 (1990); *see also Michigan Canners and Freezers Assoc. v. Agricultural Mktg. and Bargaining Bd.,* 467 U.S. 461, 469, 104 S.Ct. 2518, 2523, 81 L.Ed.2d 399 (1984). Where Congress has included in enacted legislation a provision explicitly addressing preemption, there is no need to infer congressional intent from the substantive provisions of the legislation. *Cipollone v. Liggett Group, Inc.,* — U.S. —, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).

The United States Supreme Court clarified the issue of preemption by OSHA in the case of *Gade v. National Solid Wastes Management Association,* — U.S. —, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). The *Gade* case involved a trade association's attempt to enjoin a state environmental protection agency from enforcing that state's laws providing for training, testing, and licensing of hazardous waste site workers. In concluding that the state laws were not enforceable, the Supreme Court found the state regulations governing occupational health and safety were preempted by federal law and noted:

> § 18(b)[3] [of the OSHA regulations] "unquestionably" pre-empts any state law or regulation that establishes an occupational health and safety standard on an issue for which OSHA has already promulgated a standard, unless the State has obtained the Secretary's approval for its own plan. Every other Federal and State Court confronted with an OSH Act pre-emption challenge has reached the same conclusion, and so do we. (citations omitted).

*Id.* at —, 112 S.Ct. at 2382. In reaching this conclusion, the Supreme Court viewed the language of the legislation itself and determined that Congress clearly intended federal OSHA regulations to preempt state occupational safety plans. *Id.*

■■■■ Therefore, in order for a state to have an enforceable workplace regulation dealing with the same subject matter as an OSHA regulation, that state must have its plan approved by the Secretary of Labor pursuant to 29 *U.S.C.* § 667. *Gade,* — U.S. at —, 112 S.Ct. at 2383. The purpose of an approval requirement is to ensure that each state has workplace regulations and standards identical to, or at least as protective as, the federal OSHA standards.

The purpose behind Delaware's enabling statute is clearly "for the prevention of accidents or of industrial or occupational diseases in every employment or place of employment ..." 19 *Del.C.* § 106(a). Delaware's OSHA regulations address the identical area in which the United States Department of Labor has adopted work place safety regulations. In addition, it is undisputed that the Delaware plan for its own OSHA regulations has never been approved by the United States Secretary of Labor pursuant to Section 1952; therefore, the area of workplace safety in Delaware is preempted by federal

---

**3.** Section 18 of the Occupational Safety and Health Act of 1970 has been amended and is now cited as 29 *U.S.C.* § 667. For purposes of clarity, section 18 will be cited in this opinion as 29 *U.S.C.* § 667.

OSHA. Thus, there are no valid and enforceable Delaware OSHA regulations that can form the basis for a duty imposed upon Franklin to plaintiff.

This Court notes that *Gade* effectively overrules *Rabar's* finding regarding the effect of Delaware OSHA and those cases which relied upon it: *Crawford v. Gilbane Bldg. Co.*, Del.Super., 563 A.2d 1066 (1986), *Carroll v. Getty Oil Co.*, D.Del., 498 F.Supp. 409 (1980).

Because Delaware's regulations on workplace safety are preempted by the federal OSHA regulations, this Court must now determine whether Franklin is duty bound by federal OSHA standards.

■ 2. *Federal OSHA Standards.* Plaintiffs argue that Franklin is liable for breaching occupational safety regulations which are codified in Title 29, Chapter 1926 of the *Code of Federal Regulations. Miller v. Consolidated Reinforcing, Inc.*, Del.Super., C.A. No. 87C–JL–23, 1990 WL 63868 (Feb. 8, 1990); *Crawford v. Gilbane Building Co.*, 563 A.2d at 1067; *Rabar v. E.I. duPont de Nemours and Co., Inc.*, 415 A.2d at 503–04. Title 29, Chapter 1926 of the *Code of Federal Regulations* provides for accident prevention responsibilities and applies to "temporary or emergency conditions where there is danger of employees or materials falling through floor, roof, or wall openings, or from stairways or runways." 29 *C.F.R.* § 1926.500(a). These regulations require an *employer* to guard every open-sided platform with a standard railing which consists of a top rail, intermediate rail, toeboard, and posts. 29 *C.F.R.* § 1926.500(d) and (f).

Plaintiff further argues that these regulations apply equally to *contractors* and *subcontractors* pursuant to 29 *C.F.R.* § 1926.16(c) which provides:

To the extent that a subcontractor of any tier agrees to perform any part of the contract, he also assumes responsibility for complying with the standards in this part with respect to that part. Thus, the prime contractor assumes the entire responsibility under the contract and the subcontractor assumes responsibility with respect to his portion of the work. With respect to subcontracted work, the prime contractor and any subcontractor or subcontractors shall be deemed to have joint responsibility. *Id.*

Although both parties appear to accept the premise that Section 1926.16(c) establishes a duty on the part of one subcontractor to the employees of another subcontractor, this Court is not convinced that such an interpretation of the provision is proper. Nonetheless, such a determination need not be made at this time because, as discussed below, Section 1926.16(c) is inapplicable.

Franklin has produced an affidavit prepared by Richard F. Andree, CSP, PE, Ph. D., Assistant Regional Administrator for Federal and State Operations for OSHA, which states that only "Subpart C—General Safety and Health Provisions" has been adopted as part of OSHA.[4] Section 1926.16(c), found in Subpart B, has not been adopted under the authority granted by OSHA. Therefore, any obligations for safety under the regulations which existed for the construction of temporary handrails remained that of Bellevue, the general contractor, and were not transferred to Franklin, the subcontractor. Plaintiff does not dispute the validity of the affidavit or Franklin's argument. Rather, he contends that Subpart B, which is entitled "General Interpretations," governs the construction and interpretation of the subsequent subparts and, thus, should be considered in construing Subpart C.

The *Code of Federal Regulations* provides, after each subpart, the authority under which that subpart is imposed. Subparts A and B are imposed under the authority of the Construction Safety Act; Subpart C is imposed under the authority of the Construction Safety Act and OSHA. If Subpart B were meant to be applicable to OSHA, Congress would have included it under the authority of

---

4. According to Dr. Andree's affidavit, Subpart B has only been adopted under the Construction Safety Act which is of limited applicability and is not implicated in this case. The Construction Safety Act is only applicable when work is performed under a contract which is entered into under legislation subject to Reorganization Plan Number 14 of 1950. 29 *C.F.R.* § 1926.10.

OSHA. Based upon the evidence presented by Dr. Andree's affidavit, the authority of *Gade*, and the *Code of Federal Regulations* itself, this Court concludes that the federal OSHA regulations do not establish a duty on the part of one subcontractor to the employee of another subcontractor. Furthermore, this Court reiterates the consensus that OSHA does not establish a private right of action and, therefore, plaintiff cannot seek relief against Franklin under the act. *See* 29 U.S.C. § 653(b)(4); 79 ALR3d 962, § 3. Rather, plaintiff's causes of action are limited to common law tort claims. 29 U.S.C. § 653(b)(4); *see, e.g. Jeter v. St. Regis Paper Co.*, 5th Cir., 507 F.2d 973, 977 (1975) ("It seems clear that Congress did not intend OSHA to create a new private cause of action but, on the contrary, intended private rights to be uneffected thereby.").

B. *Whether Delaware common law imposes a duty upon Franklin.*

1. *Whether Franklin was duty bound by trade custom.*

■ Plaintiff contends that Franklin owed a duty to plaintiff based upon trade custom of which it either knew or should have known by virtue of the OSHA regulations. *See District of Columbia v. C.J. Lingenfelder and Son, Inc.*, D.C.Ct.App., 558 A.2d 1155, 1159 (1989). He argues that the OSHA regulations themselves and the periodic inspections for OSHA violations at the site provided Franklin with actual or constructive knowledge of the trade custom regarding necessary safety precautions to be taken by an employer.

Franklin responds that the purported custom and usage urged by plaintiff is directly contrary to the federal OSHA statutes and "[w]here established customs and practices are challenged and found to run counter to plain and unambiguous language of controlling regulatory statutes, such customs and practices must give way to the law." *State ex rel. State Board of Examiners in Optometry v. Kuhwald*, Del.Supr., 389 A.2d 1277, 1281 (1978) *quoting State ex inf. Danforth v. Curteman, Inc.*, Mo.Supr., 480 S.W.2d 848, 858 (1972).

■ As discussed *supra*, the OSHA regulations do not directly impose a duty upon a subcontractor to the employee of another subcontractor; however, there may be evidence sufficient to establish a standard of conduct for contractors and subcontractors. RESTATEMENT OF TORTS (SECOND) § 286 states:

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes that one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.

The OSHA workplace requirements clearly fit into the scope of section 286. Allowing the OSHA requirements to serve as a guide for a standard of conduct is not inconsistent with the federal OSHA statutes. Furthermore, the fact that the subcontractors regularly received reports, prepared at Bellevue's direction, regarding inspections for compliance with OSHA may support the argument that such regulations defined the standard on the site. A fact issue remains as to whether a standard of conduct can be proved and whether it has been breached by Franklin.

2. *Whether Franklin was duty bound by contract.*

■ Plaintiffs further argue that Franklin owed plaintiff a duty pursuant to its contract with Bellevue which provided that Franklin would "comply with all applicable laws, building codes, ordinances, regulations and orders of any public authority bearing on the design and construction of the Work under this Agreement." In addition, plaintiffs contend that Franklin owed plaintiff a duty to abide by OSHA regulations pursuant to Article 7 of the general conditions provided in the bid documents for all would-be contractors and subcontractors. Section 7.1

of that Article provides that all contractors and subcontractors "shall comply with, and cooperate with other Contractors, Architect/Engineer, and/or Owner in complying with legal Requirements, including but not limited to OSHA requirements."

Plaintiffs argue once again that OSHA regulations require the erection of railings and safety barriers around an open stairway, *see* 29 *C.F.R.* § 1926.501(b), and by failing to do so, Franklin breached a duty imposed upon it by contract.

■ A duty may be imposed upon a party where one "who otherwise has no direct responsibility under the statute and regulations voluntarily, by agreement or otherwise, undertakes responsibility for implementing the required safety measures." *Rabar v. E.I. duPont de Nemours & Co.*, Del.Super., 415 A.2d 499, 505 (1980). *See also, Horn v. C.L. Osborn Contracting Co.*, M.D.Ga., 423 F.Supp. 801 (1976), *rev'd*, 5th Cir., 591 F.2d 318 (1979). This principle is embodied in the RESTATEMENT OF TORTS (SECOND) § 324A (1965) which states:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

■ Breach of this duty does not, however, constitute negligence *per se* because the OSHA standards do not, by their own force, apply to Franklin. Nonetheless, a party who breaches such an agreement will subject the breaching party to a claim of simple negligence where a worker's injuries are the proximate result of the breach. *Rabar*, 415 A.2d

at 505. The breaching party may be subject to liability to both the injured party and the contracting party. RESTATEMENT OF TORTS (SECOND) § 324A, comment d.[5]

This Court finds that Franklin's contractual agreement to abide by OSHA regulations did not result in a change of Franklin's duty to the employee of another subcontractor. Franklin merely agreed to comply with all OSHA requirements imposed upon a subcontractor at a construction site; it did not agree to assume additional responsibility or liability. The OSHA requirements imposed upon a subcontractor are to protect its own employees. If the parties to the contract intended subcontractors to assume additional duties, the contract would so state.

### 3. Whether Franklin owed a duty of care to all workers.

■ The fact that an injury occurs on a work site does not insulate a negligent actor from potential liability simply because the actor had no relationship to the injured worker or was not in the vicinity at the time of the accident. If a party acts unreasonably by failing to protect against an event that a reasonably prudent person would protect against, then that negligent actor may be liable for simple negligence. *Delmarva Power & Light Co. v. Burrows*, Del.Supr., 435 A.2d 716, 718 (1981); *Hercules Powder Co. v. DiSabatino*, Del.Supr., 188 A.2d 529, 534 (1963). "Delaware law measures duties owed in terms of reasonableness. One's duty is to act reasonably, as a reasonably prudent [person] (or entity) would." *Delmarva Power & Light Co. v. Burrows*, 435 A.2d at 718 (citations omitted).

■ There is no question that at the time of plaintiff's accident, Franklin was not working on the grand staircase. The facts are also undisputed that posts for railings were installed on the stairs but no railings had been attached to the posts. Because the stairs were constructed yet had no handrails, a hazard was created of which Franklin was aware. Therefore, a fact question exists as

---

5. Plaintiff's claim, as expressed in the complaint, is based on allegations of negligence. Therefore, the discussion of third-party beneficiary status

for the plaintiff is irrelevant. *See Blair v. Anderson*, Del.Supr., 325 A.2d 94 (1974).

to whether Franklin acted as a reasonably prudent person or entity by not constructing a temporary handrail on the grand staircase.

## IV. CONCLUSION

For the foregoing reasons, this Court's oral ruling of December 7, 1993 is vacated. Defendant Franklin Fabricators' motion for summary judgment is *GRANTED* as to the statutory claims of OSHA violations and breach of contract and *DENIED* as to all other claims.