**Robert C. JONES and Ethel Jones, Plaintiffs,**

v.

**HORACE MANN INSURANCE CO., Defendant.**

C.A. No. 96C–04–020 HDR.

Superior Court of Delaware, Kent County.

Submitted: Feb. 12, 1998.

Decided: May 1, 1998.

Nicholas H. Rodriguez, of Schmittinger & Rodriguez, P.A., Dover, for Plaintiffs.

Richard W. Pell, of Tybout, Redfearn & Pell, Wilmington, for Defendant.

**OPINION**

RIDGELY, President Judge.

Plaintiffs Robert C. Jones and Ethel Jones ("the Joneses") seek underinsured motorist benefits [1] ("UIM") from their insurance car-

---

**1.** Some of the cases cited to in this opinion discussed issues regarding the application of uninsured motorist benefits ("UM"). While this case discusses UIM coverage the analysis does not differ since "UIM coverage is merely a form of UM coverage." *Georgeopoulos v. State Farm Mutual Automobile Ins. Co.,* Del.Super., 1990 WL 91085, at *4, Steele, J. (June 19, 1990).

rier, Horace Mann Insurance Company ("Horace Mann"), for injuries that Mr. Jones sustained in a two-vehicle accident. At the time of the accident, the Joneses possessed three vehicles which were insured by Horace Mann at different levels of UIM coverage. They first settled with the tortfeasor, Armando Dasilva, for Dasilva's full liability coverage. The Joneses then sought to recover UIM benefits pursuant to a policy that covered a vehicle not involved in the accident which provided higher benefits than the policy covering the vehicle in the accident.

At issue is whether the Joneses can choose from their different insurance policies and receive benefits pursuant to the policy providing the highest UIM limits of liability. Based upon settled law and public policy, I conclude that while 18 *Del.C.* § 3902(c) prohibits the Joneses from "stacking" their coverage, Delaware law does not preclude them from electing UIM coverage under the policy providing the highest UIM benefits. Accordingly, Horace Mann's motion for summary judgment is denied and the Joneses' cross-motion is granted.[2]

## I. BACKGROUND

This action arose from an automobile accident between Mr. Jones and Mr. Dasilva. At all pertinent times hereto, the Joneses possessed three vehicles insured with Horace Mann. Two vehicles had UIM limits of liability of $25,000 per person and the third provided UIM coverage limits of $100,000 per person.

On January 18, 1992, Mr. Jones was driving his 1986 Nissan Sedan which was insured with a UIM limit of $25,000 per person. Dasilva's vehicle impacted Mr. Jones's vehicle from behind. On August 31, 1993, with the knowledge and consent of Horace Mann, the Joneses settled their claim against Dasil-

va for Dasilva's policy limits in the amount of $15,000. As defined by 18 *Del.C.* § 3902(b)(2)[3] and the Joneses' policy, the Dasilva vehicle was underinsured since the liability coverage applicable to the Dasilva vehicle totaled less than the limits provided by the Joneses' UIM coverage. After exhausting Dasilva's policy limits, the Joneses then sought to recover UIM benefits from Horace Mann up to $100,000. Horace Mann has denied coverage in excess of $25,000.

Horace Mann has moved for summary judgment contending that the Joneses are only entitled to recover up to the contractual limits provided by the policy covering the specific vehicle involved in the accident, $25,000. First, Horace Mann argues that settled law in Delaware precludes the stacking of policies when the policies cover vehicles in the same household and with the same insurer. It cites 18 *Del.C.* § 3902(c) which states:

> The affording of insurance under this section to more than 1 person or to more than 1 vehicle shall not operate to increase the limits of the insurer's liability. When 2 or more vehicles owned or leased by persons residing in the same household are insured by the same insurer or affiliated insurers, the limits of liability shall apply separately to each vehicle as stated in the declaration sheet, but shall not exceed the highest limit of liability applicable to any 1 vehicle.

Horace Mann argues that this statutory provision is applicable to the case at bar since the Joneses possess three vehicles belonging to one household and insured by one insurer. Horace Mann asserts that this provision mandates separate coverage, and therefore separate recovery, for each vehicle. Horace Mann further argues that if the policies are not separately applied, an insured can purchase minimum coverage for some vehicles and purchase a higher limit of liabili-

---

**2.** Jones did not formally file a cross-motion for summary judgment; however, when parties concede the absence of a genuine issue of material fact, this Court has the authority to render summary judgment for the non-moving party in a case which warrants that result. *See, Gray v. Masten,* Del.Ch., 1983 WL 142520, Longobardi, V.C. (Aug. 16, 1993); *Sligh v. Nationwide Mut. Ins.,* Del.Super., 1996 WL 527329, Del Pesco, J. (Aug. 19, 1996).

**3.** 18 *Del.C.* § 3902(b)(2) states: "An underinsured motor vehicle is one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident total less than the limits provided by the uninsured motorist coverage. These limits shall be stated in the declaration sheet of the policy."

ty for one and then elect recovery pursuant to the highest UIM limit, even if that vehicle was not involved in the accident. By doing so, Horace Mann contends that the Joneses are attempting to increase their coverage in circumvention of the statute. Next, Horace Mann concedes that UIM coverage is generally considered personal. However, it contends the statute mandates coverage that is specific to the vehicle when an insured is injured while in his own vehicle insured by the same liability carrier.

The Joneses answer that 18 *Del.C.* § 3902(c) permits UIM recovery of "the highest limit of liability." Additionally, while they contracted for three separate limits of liability insurance, they contracted for the maximum amount of UIM coverage. They argue, they are not attempting to increase their coverage but simply to recover for the maximum limit that they contracted for, $100,000. The Joneses next contend that settled Delaware law mandates UIM protection is personal to the insured, not specific to the vehicle. Thus, it is permissive to elect the $100,000 coverage since this amount does not "exceed the highest limit of liability applicable to any one vehicle."

## II. STANDARD OF REVIEW

■ Summary judgment is appropriate if, after viewing the record in the light most favorable to the non-moving party, the court finds no genuine issue of material fact.[4] However, if from the evidence produced, there is a reasonable indication that a material fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law, summary judgment will not be granted.[5] When the facts permit a reasonable person to draw but one inference, the question becomes one for decision on summary judgment.[6] If an examination of the record reveals no genuine issue as to material facts, it is incumbent upon the court to grant summary judgment.[7] If the basic facts are not in dispute and point to only one justifiable conclusion, summary judgment is appropriate.[8] In a case involving cross-motions for summary judgment, the parties implicitly concede the absence of material factual disputes and acknowledge the sufficiency of the record to support their respective motions.[9]

## III. DISCUSSION

■ The issue of whether an insured may recover from their highest UIM level when the insured possesses multiple vehicles, of which all are insured by the same carrier, is one of first impression.

### A. Statutory Limitation of "Stacking"

It is settled law in Delaware that unless restricted by statute, UIM coverage from separate policies may generally be applied cumulatively or "stacked" for purposes of determining the limits of available coverage.[10] The Delaware Supreme Court has held that 18 *Del.C.* § 3902(b)(3)[11] permits stacking since it is "silent as to any restriction, beyond exhaustion, in the scope of coverage."[12] Therefore, any restriction to Sec-

---

4. *Guy v. Judicial Nominating Comm'n,* Del.Super., 659 A.2d 777, 780 (1995); *Figgs v. Bellevue Holding Co.,* Del.Super., 652 A.2d 1084, 1087 (1994).

5. *Ebersole v. Lowengrub,* Del.Supr., 180 A.2d 467, 470 (1962), *rev'd in part and aff'd. in part,* 208 A.2d 495 (1965).

6. *Frelick v. Homeopathic Hosp. Ass'n,* Del.Super., 150 A.2d 17 (1959); *Wootten v. Kiger,* Del.Supr., 226 A.2d 238 (1967).

7. *E.K. Geyser Co. v. Blue Rock Shopping Ctr., Inc.,* Del.Super ., 229 A.2d 499 (1967).

8. *489,137 Square Feet of Land v. State ex rel. Price,* Del.Supr., 259 A.2d 378 (1969).

9. *Browning–Ferris, Inc. v. Rockford Enters., Inc.,* Del.Super., 642 A.2d 820 (1993).

10. *Hurst v. Nationwide Mutual Insurance Co.,* Del.Supr., 652 A.2d 10, 13; *Georgeopoulos* at *4.

11. 18 *Del.C.* § 3902(b)(3) states: "The insurer shall not be obligated to make any payment under this coverage until after the limits of liability under all bodily injury bonds and insurance policies available to the insured at the time of the accident have been exhausted by payment of settlement or judgments."

12. *Powell v. State Farm Fire and Casualty,* Del.Super., 1996 WL 190023, at *4, Ridgely, P.J. (Jan. 29, 1996).

tion 3902 must be "specifically authorized by statute." [13]

Section 3902(c) as amended in 1990 provides for certain restrictions in the scope of coverage. This section prohibits stacking of coverages in the narrow circumstance when "2 or more vehicles owned or leased by persons residing in the same household are insured by the same insurer or affiliated insurers." Section 3902(c), which provides that "the limits of liability shall apply separately to each vehicle" was addressed in *Johnson v. Colonial Ins. Company.*[14] After reviewing the insurance coverage and the legislative intent of the 1990 amendment of Section 3902(c), the Court found that Johnson could not stack her policies. The rationale of that case also precludes the Joneses from stacking their UIM coverage in this case.

The analysis in this case cannot end there, however. *Johnson* did not address the issue now before the Court of whether the insured could select UIM coverage among separate policies without stacking them.

### B. UIM is personal to the insured

■ UIM coverage is personal to the insured,[15] and is not vehicle specific.[16] Consistent with the majority of jurisdictions, the Supreme Court of Delaware has concluded that public policy prohibits limiting UIM coverage based upon how the insured was injured.[17] Rather, the "letter and spirit of

Section 3902" require UIM coverage to be personal to the insured.[18] Once coverage is purchased, the insurance consumer is entitled to the full extent of those benefits.[19] In *Frank v. Horizon Assur. Co.*, the Supreme Court found that an insured is entitled to UM/UIM coverage so long as the claim resulted from the negligent operation of an uninsured driver. The Court noted that "if there was an accident for which another driver is responsible, neither logic nor fairness support a result that denies an innocent victim of that occurrence protection merely because he was behind the wheel of a car, but assures such protection if he were a passenger or a pedestrian on the street."[20] I do not find a legislative intent to deny an innocent insured the personal UIM protection for which he has contracted merely because he was behind the wheel of another of his own vehicles also insured by the same company.

### IV. CONCLUSION

The legislative purpose affording uninsured motorist coverage is to protect innocent persons from the negligence of unknown or impecunious tortfeasors.[21] Hence, the public policy underlying 18 *Del.C.* § 3902 is to permit an insured to protect himself from an irresponsible driver causing injury or death.[22] Once this coverage is purchased, the insured is "entitled to secure the full

---

**13.** *Hurst,* 652 A.2d at 12, citing to *Frank v. Horizon Assur. Co.,* Del.Supr., 553 A.2d 1199, 1204 (1989). *Cf. Kendall v. Nationwide,* 348 Md. 157, 702 A.2d 767 (Md.1997) (where no ambiguity in contract limiting UIM benefits, court has no alternative but to enforce policy's terms).

**14.** *Johnson v. Colonial Ins. Co. of California,* Del.Super., 1997 WL 126994, Herlihy, J. (January 2, 1997).

**15.** *Hurst,* 652 A.2d at 14; *Frank,* 553 A.2d at 1203; *Georgeopoulos* at *4.

**16.** *Masten v. Nationwide Mutual Ins. Co.,* Del.Super., 1993 WL 19651, Graves, J. (January 12, 1993). Horace Mann cites to *Masten* in arguing that UIM coverage is vehicle specific. However, in application of Section 3902(b), the Court found that the coverage on the vehicle was "primary." The scenario in *Masten* is sufficiently distinguishable, and therefore inapplicable, to the case at bar. In *Masten,* the Court had to determine which policy would be primary when

two policies could be "stacked." Therefore, the Court found that the insured was required to seek UIM recovery from the policy covering the rental car before seeking recovery from her own policy. In this instance, the insured is prohibited from "stacking" policies, therefore, the question of which policy is "primary" or "secondary" is not before the Court.

**17.** *Frank,* 553 A.2d at 1203.

**18.** *Id.*

**19.** *Id.* at 1205.

**20.** *Hurst,* 652 A.2d at 15, citing *State Farm Mut. Auto. Ins. Co. v. Washington,* Del.Supr., 641 A.2d 449, 452 (1994).

**21.** *Frank,* 553 A.2d at 1201.

**22.** *Id.* at 1205.

extent of the benefit which the law requires to be offered." [23] The coverage is personal to the insured and is designed to place the insured in the same position as he would have been if the tortfeasor had carried the same liability coverage which the insured carried.[24] In this case, I conclude that although the Joneses may not stack their insurance policies, § 3902(c) does not preclude them from electing coverage from their highest UIM protection regardless of the manner in which Mr. Jones was injured.

For these reasons, plaintiffs' motion for summary judgment is granted and defendant's motion for summary judgment is denied.

**IT IS SO ORDERED.**

23. *Id.*

24. *Georgeopoulos* at *3.