# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| HARRY BROWN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: N17C-11-101 AML |
| | ) | |
| TALEAH EVERETT, | ) | |
| USAA GENERAL INDEMNITY | ) | |
| COMPANY, | ) | |
| JEFFERY CAMPBELL, and | ) | |
| CAMPBELL LANDSCAPE | ) | |
| SERVICE, INC. | ) | |
| Defendants. | ) | |

Submitted: April 8, 2019
Decided: June 4, 2019

## ORDER

**Defendant USAA General Indemnity Company's
Motion for Summary Judgment[1]: Denied**

1. The plaintiff seriously was injured in a motor vehicle accident. The driver of the vehicle in which the plaintiff was riding solely was at fault in the accident. The driver's insurance paid the plaintiff the policy limits for bodily injury liability coverage, but that payment did not fully compensate the plaintiff for the injuries he suffered. The plaintiff then filed this action seeking underinsured motorist benefits under the driver's policy. The insurer moved for summary judgment, arguing that several provisions within the policy preclude payment of

---

[1] Although USAA's motion was styled as a "Motion for Declaratory Judgment," USAA conceded at oral argument that it is seeking partial summary judgment as to Mr. Brown's eligibility to recover under the USAA policy's underinsured motorist coverage. For clarity, the Court refers to USAA's motion as a motion for summary judgment.

underinsured motorist benefits. The insurer's motion requires the Court to determine the validity of policy exclusions that purport to eliminate or limit underinsured motor vehicle benefits based on (i) whether the named insured owned the underinsured vehicle, or (ii) the amount of bodily injury coverage paid out under the policy. Because the exclusions are inconsistent with the uninsured/underinsured motorist statute's plain language, they are not valid. Accordingly, as explained below, the defendant's motion for summary judgment is denied.

**BACKGROUND**

2. The following facts are undisputed. The plaintiff, Harry Brown ("Plaintiff"), suffered serious injuries in an October 31, 2016 motor vehicle accident. At the time of the accident, Plaintiff was a passenger in defendant Taleah Everett's 2002 Honda Accord. Ms. Everett failed to yield the right of way when making a left turn. The fault for the accident rests entirely with Ms. Everett.

3. Ms. Everett and her father, George O. Rayfield, jointly owned the motor vehicle, which was insured with USAA General Indemnity Company ("USAA"). The USAA Policy Mr. Rayfield purchased (the "Policy") identifies Mr. Rayfield as the "named insured" and lists Ms. Everett as an operator of the vehicles insured under the policy. Under the Policy's definitions, Plaintiff was a "covered person" for purposes of the accident in question because he was an

2

occupant of a covered motor vehicle.[2] The Policy provided bodily injury coverage in the amount of $100,000 per person, $200,000 per accident and uninsured/underinsured motorist ("UIM") coverage in the amount of $100,000 per person, $200,000 per accident.

4. On May 10, 2017, USAA tendered the Policy's bodily injury coverage limits in satisfaction of Plaintiff's negligence claim against Ms. Everett. Plaintiff also maintains he is entitled to recover UIM benefits under Ms. Everett's Policy. USAA contends that, having tendered the policy limits for bodily injury coverage, it is not also required to pay UIM benefits under the Policy. USAA relies on several exclusions in the Policy to support its argument, namely: (i) the definition of underinsured motor vehicle, (ii) a limit of liability clause, and (iii) various non-duplication clauses. Plaintiff concedes that those provisions purport to eliminate his right to seek from the Policy UIM coverage for this accident. He argues, however, that those provisions contradict Delaware's Uninsured/Underinsured Motorist statute, 18 *Del. C.* § 3902, and therefore are void as a matter of law.

**ANALYSIS**

5. Summary judgment should be awarded if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[2] Def.'s Opening Br., Ex. E (hereinafter "USAA Policy") at 4 of 28, 14 of 28.

party is entitled to a judgment as a matter of law."[3] The parties in this case agree there are no disputed factual issues relevant to USAA's motion. USAA raises three alternative arguments in support of its motion for summary judgment.

### A. The Policy's definition of Underinsured Motor Vehicle is inconsistent with Section 3902 and therefore is void.

6. USAA first argues the vehicle in which Mr. Brown was riding is not an "Underinsured Motor Vehicle" as that term is defined within the Policy. The Policy relevantly provides that an "'underinsured motor vehicle do[es] not include any vehicle or equipment: (1) owned by or furnished or available for the regular use of you or any family member. . . .'"[4] USAA argues Mr. Rayfield purchased UIM coverage to protect himself, his family members, and occupants of his vehicles from "the negligence of unknown tortfeasors," and the coverage was not intended to protect occupants of Mr. Rayfield's vehicle from the negligent acts of the named insured or his family members.[5]

7. Plaintiff acknowledges that the policy, as written, precludes his claim for UIM benefits in this case. He argues, however, that the policy definition of Underinsured Motor Vehicle contradicts 18 *Del. C.* § 3902 and therefore is void as a matter of law.[6] Plaintiff points out that Section 3902 specifically defines an

---

[3] Super. Ct. Civ. R. 56(c).
[4] USAA Policy at 15 of 28.
[5] Def's Opening Br. at 12.
[6] USAA also argues Plaintiff does not have standing to challenge the validity of the policy exclusions because he merely is a covered person and did not pay for the insurance coverage at

underinsured motor vehicle as "one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident are less than the damages sustained by the insured."[7] Plaintiff therefore argues the attempt to define an underinsured vehicle by reference to who owned it contradicts the statute, which defines an underinsured motor vehicle solely by reference to whether the injured party's damages exceed the available bodily injury liability coverage.

8. Interpretation of language in an insurance policy or statute is a question of law.[8] The Court begins its analysis by examining the language at issue, and where that language is unambiguous, the parties are bound by its plain meaning.[9] Each section of the relevant statute or policy is read "in light of all the

---

issue in this case. To support its position, USAA relies on cases stating UIM coverage is "personal to the insured." *See Shuba v. United Services Auto. Ass'n*, 77 A.3d 945, 950 (Del. 2013); *Bermel v. Liberty Mut. Fire Ins. Co.*, 56 A.3d 1062, 1067-68 (Del. 2012); *Davis v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 1379562, at *7 (Del. Super. Feb. 15, 2011). Those cases, however, do not stand for the proposition that a claimant may not contest the validity of a policy exclusion when the claimant is a covered person under the policy. Rather, those cases merely stand for the proposition that a named insured and members of his household have UIM coverage that is "personal" to them and on which they can rely even if the accident at issue did not involve an insured vehicle. "Covered Persons," on the other hand, only have a claim when occupying an insured's vehicle. *Bermel*, 56 A.3d at 1068; *Davis*, 2011 WL 1379562, at *9. This Court repeatedly has considered the validity of various insurance policy exclusions in claims filed by covered persons. *See Tillison v. GEICO Secure Ins. Co.*, 2017 WL 2209895 (Del. Super. May 15, 2017); *Baunchalk v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 12979117 (Del. Super. Oct. 26, 2015), *Pankowski v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 5800858 (Del. Super. Oct. 10, 2013).

[7] 18 *Del. C.* § 3902(b)(2).

[8] *State Farm Mut. Auto. Ins. Co. v. Kelty*, 126 A.3d 631, 635 (Del. 2015); *Engerbretsen v. Engerbretsen*, 675 A.2d 13, 17 (Del. Super. 1995).

[9] *Kelty*, 126 A.3d at 635; *Engerbretsen*, 675 A.2d at 17.

others to produce a harmonious whole."[10] When the Court is asked to determine whether a coverage limitation is valid in light of the statute, the Court only will consider the relevant public policy if it first determines the statutory language is ambiguous.[11]

9.     This Court has examined Section 3902 several times and on each occasion has concluded the statute is unambiguous.[12] Section 3902(b) expressly defines an underinsured motor vehicle as one for which bodily injury coverage is in effect, but the limits of that coverage are less than the damages the insured sustained. In other words, the statute defines an underinsured motor vehicle by reference to the injured party's damages and the scope of the available bodily injury coverage, not by reference to whether the motor vehicle in question was owned by the insured or one of his family members.

10.     Relying on that statutory definition, this Court has declared invalid policy exclusions that purport to reduce or eliminate UIM coverage on the basis of the number of vehicles involved in the accident or the fact that the insurer also provided bodily injury coverage for the accident under the same policy. For example, in *Baunchalk v. State Farm Mutual Automobile Insurance Co.*, the Court declared invalid a non-duplication clause that purported to eliminate UIM coverage

---

[10] *Kelty*, 126 A.3d at 635.

[11] *Id.* at 641.

[12] *Perez v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2473152, at *2-3 (Del. Super. June 1, 2018); *Johnson v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 4652061, at *2-3 (Del. Super. Oct. 16, 2017); *Tillison*, 2017 WL 2209895, at *3; *Baunchalk*, 2015 WL 12979117, at *5.

6

when the insurer already paid the policy limits for bodily injury coverage for the accident.[13] In *Baunchalk*, the insurer argued that a party injured in a single-vehicle car accident could not recover both bodily injury benefits and UIM benefits under the same policy.[14] In rejecting that argument, the Court reasoned that Section 3902(b) does not permit such an exclusion because the policy defines an underinsured motor vehicle based on the victim's injuries relative to the available bodily injury coverage, not based on the number of cars involved in the accident.[15]

11. Similarly, in *Tillison v. GEICO Secure Insurance Co.* and *Perez v. State Farm Mutual Automobile Insurance Co.*, this Court held policy definitions of an "uninsured motor vehicle" that excluded any vehicle covered by the bodily injury liability coverage of the policy were invalid under Section 3902.[16] The *Tillison* Court reasoned Section 3902's "underinsured motorist provisions are unambiguous" and "[c]ontrary to the interpretation urged by [the insurer], the statute's definition of 'underinsured motor vehicle' makes no distinction based on the number of vehicles or insurance policies involved in the collision."[17]

12. USAA acknowledges this Court's holdings in *Baunchalk*, *Tillison*, and *Perez*, but argues the clear and unambiguous language of Section 3902 does

---

[13] 2015 WL 12979117, at *1.
[14] *Id.* at *1.
[15] *Id.* at *5.
[16] *Perez*, 2018 WL 2473152, at *2-3; *Tillison*, 2017 WL 2209895, at *3. *See also Johnson*, 2017 WL 4652061, at *2.
[17] *Tillison*, 2017 WL 2209895, at *3.

not require an insurer to provide UIM coverage to an insured vehicle's occupants when the driver is the negligent party. Rather, USAA contends UIM coverage protects an insured and any covered persons "from the negligence of unknown tortfeasors," and is not intended to protect "occupants of insured vehicles injured by [the named insured] or a family member."[18]

13. USAA's argument ignores the plain language of Section 3902. The Policy purports to define an underinsured motor vehicle according to whether it is owned or regularly used by the named insured or his family members. Section 3902, however, defines an underinsured motor vehicle "relative to the victim's injuries."[19] Consistent with this Court's decisions in the cases outlined above, the statute does not permit a policy exclusion that restricts UIM coverage by reference to who owns the vehicle in question. By excluding from the definition of underinsured motor vehicle a class of vehicles that fit the statutory definition of that term, the Policy contravenes the statute and the exclusion therefore is not enforceable.

**B. The Policy's limit of liability and non-duplication clauses are invalid because they purport to limit UIM coverage based on the amount of bodily injury coverage paid under the Policy.**

14. In addition to its argument regarding the definition of underinsured motor vehicle, USAA also argues that two other policy exclusions – a Limit of

---

[18] Def's Opening Br. at 12.
[19] *Baunchalk*, 2015 WL 12979117, at *5.

8

Liability clause and a series of Non-Duplication clauses – preclude payment of UIM benefits to Plaintiff. The Limit of Liability clause provides that for any one person injured in an accident, USAA's "maximum limit of liability for all resulting damages . . . is the limit of bodily injury liability shown on the Declarations for 'each person' for UM coverage."[20] The Policy provides that the limit of liability "represent[s] the most [USAA] will pay regardless of the number of covered persons, claims made, vehicles or premiums shown on the Declarations, or vehicles involved in the accident."[21] Under the Declarations on the Policy, the UM coverage is $100,000 per person. USAA therefore argues the Limit of Liability clause precludes Plaintiff's UIM claim because USAA already has paid $100,000 in bodily injury coverage under the Policy. USAA similarly argues that the Policy contains Non-Duplication clauses in both the UIM section and the general policy provisions that preclude duplicate payments under both the UIM coverage and the bodily injury coverage. The Non-Duplication clauses provide that "[w]hen a claim, or part of a claim, is payable under more than one provision of this policy, we will pay the claim only once under this policy."[22] USAA argues that, much like the Limit of Liability clause, the Non-Duplication clause precludes payment of

---

[20] USAA Policy at 15 of 28.
[21] *Id.*
[22] *Id.* at 24 of 28. *See also id.* at 16 of 28.

9

UIM benefits once a claim already has been paid under the Policy's bodily injury coverage.[23]

15.   USAA argues Delaware courts never directly have addressed the validity of a policy exclusion like the Limit of Liability clause. USAA argues the Limit of Liability clause is consistent with Section 3902(c), which provides:

> The affording of insurance under this section to more than 1 person or to more than 1 vehicle shall not operate to increase the limits of the insurer's liability. When 2 or more vehicles owned or leased by persons residing in the same household are insured by the same insurer or affiliated insurers, the limits of liability shall apply separately to each vehicle as stated in the declaration sheet, but shall not exceed the highest limit of liability applicable to any 1 vehicle.

According to USAA, Section 3902(c) confirms the General Assembly's intent to "limit payment to the highest limit of liability insurance — in this case $100,000."[24]

16.   As to the Non-Duplication clause, USAA acknowledges that the *Baunchalk* Court declared a similar clause void for the reasons explained above. USAA argues, however, that *Baunchalk* wrongly was decided. USAA criticizes the *Baunchalk* Court's reliance on the public policy underlying Section 3902,

---

[23] As a fundamental matter, an argument could be made that the non-duplication clause simply precludes duplicate payments for the same set of damages. In other words, a claimant could not seek payment of bodily injury benefits and UIM benefits for the same set of medical bills. It does not necessarily follow that no payment may be made under the UIM coverage if other payments previously were made under the bodily injury coverage. The language is not a model of clarity. Plaintiff, however, did not raise that argument, and, in any event, the issue is academic because USAA's interpretation of the Policy, even if correct, is void for the reasons set forth herein.

[24] Def.'s Opening Br. at 18.

which "'favors full compensation to all victims of automobile accidents and encourages the Delaware driving public to purchase more than the statutory minimum amount of coverage.'"[25] According to USAA, the Non-Duplication clause at issue is consistent with this public policy because if an occupant of an insured vehicle involved in single-vehicle collision can recover under both bodily injury and UIM coverage on the same policy, Delaware drivers will be discouraged from purchasing UIM coverage at all.[26]

17.    USAA's arguments do not withstand scrutiny because the effect of the Limit of Liability and Non-Duplication clauses is to exclude UIM coverage where the Policy's bodily injury liability limits already have been paid to the injured party. This Court repeatedly has declared invalid policy provisions that purport to reduce UIM coverage by the amount of bodily injury liability coverage paid under the same policy.[27] Whether that result is accomplished through a policy's definition of underinsured motor vehicle, or through a policy exclusion like the Limit of Liability or Non-Duplication clauses, all such provisions are inconsistent with the plain language of the statute, which defines UIM coverage by the extent of the claimant's injuries, and not by whether the claimant also received coverage under other provisions within the policy.

---

[25] *Id.* at 21 (citing *Baunchalk*, 2015 WL 12979117, at *5).
[26] *Id.* at 21-22.
[27] *Perez*, 2018 WL 2473152, at *2-3; *Baunchalk*, 2015 WL 12979117, at *4-5; *Pankowski*, 2013 WL 5800858, at *3-4; *Colbert v. Government Employees Ins. Co.*, 2010 WL 4226502, at *2 (Del. Super. Oct. 25, 2010).

11

18.    Furthermore, Section 3902(c) neither permits nor compels the result USAA urges.    Rather, Section 3902(c) simply precludes a claimant from "stacking" UIM coverage to increase UIM coverage limits under the theory that more than one person or more than one vehicle is covered under the same policy.[28] Section 3902(c) does not expressly or implicitly refer to other types of coverage available under a policy.    Accordingly, although Section 3902(c) precludes any argument that the UIM policy limits on a declaration page may be doubled (or more) if more than one person or vehicle is insured under the policy, the subsection does not preclude a claim for UIM coverage once other coverages within the policy are exhausted.

**CONCLUSION**

For the foregoing reasons, Defendant USAA's Motion for Summary Judgment is **DENIED.  IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Mary E. Sherlock, Esquire
       Bayard Marin, Esquire

---

[28] *Jones v. Horace Mann Ins. Co*, 723 A.2d 390, 393 (Del Super. 1998); *Johnson v. Colonial Ins. Co.*, 1997 WL 126994, at *2-3 (Del. Super. Jan. 2, 1997).

12