# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TRACY BAKER, individually and   :
as the Administratix of the Estate
of Douglas H. Baker, Jr.,      : C. A. No. S18C-06-002 CAK

    Plaintiff,        :

v.            :

MICHAEL J, GONZALEZ, CRAIG   :
P. GUNDERSON, GYM TEK, INC.,
UNITED RENTALS (North     :
America), INC. a/k/a UNITED
RENTALS NORTH AMERICA,    :
INC., UNITED RENTALS, INC.
MERCEDES-BENZ USA, LLC,    :
DAIMLER NORTH AMERICA
CORPORATION d/b/a      :
MERCEDES-BENZ CARS
DIVISION, MERCEDES-BENZ    :
U.S. and MARINO'S AUTO
SALES,          :

    Defendants.       :

Submitted: December 1, 2020
Decided: December 14, 2020

## <u>MEMORANDUM OPINION AND ORDER</u>

*Defendant United Rental, Inc.'s Motion for Summary Judgment*

## DENIED

Heather Long, Esquire, Kimmel Carter Roman Peltz & O'Neill, PA, 56 West Main Street, 4th Floor, Newark, DE 19714, Attorney for Plaintiff.

David L. Kwass, Esquire, Benjamin Baer, Esquire, Saltz Mongeluzzi & Bendesky P.C., One Liberty Place, 1650 Market Street, 52nd Floor, Philadelphia, PA 19103, Attorneys for Plaintiff.

Patrick Rock, Esquire, Michael Mitchell, Esquire, Heckler & Frabizzio, 800 Delaware Avenue, Suite 200, Wilmington, DE 19801, Attorney for Defendant, Michael J. Gonzalez.

Craig Gunderson, *pro se* Defendant, 1221 Wren Glen, Escondido, CA 92026.

James J. Horning, Jr., Esquire, Casarino Christman Shalk Ransom & Doss, P.A., 1007 North Orange Street, Suite 1100, The Nemours Building, P.O. Box 1276, Wilmington, DE 19899, Attorney for Defendant, Gym Tek, Inc.

Jeffrey A. Young, Esquire, Young & McNelis, 300 South State Street, Dover, DE 19901, Attorney for Defendants, United Rentals North America, Inc., a/k/a United Rentals North America, Inc., United Rentals, Inc.

Paul Bradley, Esquire, Donald R. Kinsely, Esquire, Shari L. Milewski, Esquire, Maron Marvel Bradley Anderson & Tardy, LLC, 1201 N. Market Street, Suite 900, Wilmington, DE 19801, Attorneys for Defendants, Mercedes-Benz USA, LLC, Daimler North America Corporation and Mercedes-Benz U.S. International, Inc.

Susan List Hauske, Esquire, Tybout Redfearn & Pell, 750 Shipyard Drive, Suite 400, P.O. Box 2092, Wilmington, DE 19899, Attorney for Marino's Auto Sales.

**KARSNITZ, J.**

Depecage is the concept that laws of different states may be applied to different portions of a case. Depecage had been "tacility embraced" by Delaware trial courts prior to 2001,[1] when it was expressly embraced in *Pittman v., Maldania, Inc.*[2] I apply the doctrine to this case.

A tragic motor vehicle collision occurred in Delaware on the evening of July 30, 2016. Mr. Baker was killed and Mrs. Baker was severely injured. The collision involved a vehicle driven by the Bakers and a truck rented by Defendant Gonzalez' employer, Gym Tek, from United Rentals, Inc. for use in Maryland. United Rentals has now moved for summary judgment.

A Ford F-250 driven by Gonzalez collided with the rear of a Mercedes vehicle driven by Mr. Baker. Gonzalez had spent the evening with his co-employee drinking and carousing in Delaware. Apparently on the way back to Salisbury, Maryland on Route 13 traveling south just south of Laurel, Delaware, Gonzalez crashed into the rear of the Baker vehicle which traveled off the roadway and burst into flames.

Gonzalez and his co-employee were in the area working on a job their employer had undertaken in Salisbury. Gym Tek constructs bleachers and gym

---

[1] *Naghiu v. Inter-Continental Hotels Group, Inc.*, 165 F.R.D. 413 (D. Del. 1996).

[2] 2001 WL 1221704 (Del. Super. July 31, 2001).

seating, and had contracted for a job at the Wicomico Youth and Civic Center in Salisbury. Gym Tek rented equipment necessary for the job from United Rentals, including the Ford truck. An employee of Gym Tek located in Grand Rapids, Michigan contacted a United Rentals employee at its location in Delmar, Delaware to arrange the rentals. The lease agreement required lessee Gym Tek to ensure that only properly qualified individuals operate the leased equipment. The lease agreement also had a provision which gave exclusive jurisdiction "...over all matters relating to the rental agreement..." to the Federal and State courts in the county in which the store...is located. The parties have not pointed me to any choice of law provision of the lease agreement.

United Rentals delivered the equipment to the site in Maryland where the parties contemplated its use. No one was on site on the day of delivery. Defendant United Rentals' employee returned to the site the next day to make sure Gym Tek received what it required and to get a Gym Tek representative to sign an acknowledgment of receipt of the equipment. Gonzalez signed the receipt.

Gonzalez had a history of operating motor vehicles under the influence of alcohol. He had two prior convictions for driving under the influence, did not have a valid driver's license (but only an identification card) and the State of California required him to only operate vehicles equipped with an

4

ignition interlock device.[3] When the United Rentals employee obtained Gonzalez'

signature on the receipt for the equipment he asked no questions about either

Gonzalez' qualifications as an operator, or about the qualifications of any other

Gym Tek employee. The employee testified he never asked such questions.

## Standard of Review

The standard for evaluating a motion for summary judgment is well

established by Superior Court Civil Rule 56 and case law interpreting it. The

court may grant a moving party summary judgment if there is no issue as to any

material fact and the movant is entitled to judgment as a matter of law.[4] The facts

must be viewed in the light most favorable to the non-moving party.[5] The movant

bears the burden of showing there are no genuine issues of fact.[6] If there are

material issues of fact, the motion will not be granted.[7]

---

[3]An in-vehicle breathalyser prevents a user from starting a vehicle until a breath alcohol test is taken.

[4]*McKeough v. Witman*, 127 A.2d 234, 235 (Del. Super. Ct. 1956).

[5]*Wilkes v. Melice*, 100 A.2d 742, 744 (Del. Super. Ct. 1953).

[6]*Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

[7]*Jones v. Horace Mann Insurance Co.*, 723 A.2d 390, 392 (Del. Super. Ct. 1998), aff'd 720 A.2d 559 (Del., 1998).

5

## The Parties' Contentions

United Rentals asserts it had no duty to inquire about qualifications. It buttresses its argument with the language of the written contract with Gym Tek which required Gym Tek to ensure only qualified operators would use the equipment.

In response, Plaintiffs and co-defendant Mercedes-Benz USA, LLC, and other corporate-related Defendants (hereinafter "Mercedes" or "Mercedes Defendants"), direct me to the Maryland statute which governs transactions in which motor vehicles are leased. Md. Code Ann., Transportation §18-103(b) reads:

> Inspection of driver's license. A person may not rent a motor vehicle, trailer, or semitrailer to any other person unless the lessor or his agent:
>
> (1) Has inspected the license to drive of the individual who will operate the rental vehicle and;
>
> (2) Has compared and verified:
>
>> (i) The signature on the license with the signature of the individual, as written in the presence of the lessor or agent; and
>>
>> (ii) The physical description on the license with the physical appearance of the individual.

The Maryland statute forbidding owners to allow unlicensed persons

to operate their automobiles is for the protection of the public.[8] Plaintiffs assert the statute does not apply in this case under appropriate choice of law rules, but is still some evidence of negligence. The Mercedes Defendants agree the statute should be applied, and establishes negligence *per se*.

## Analysis

Plaintiffs' position, to me, is easy to dispose. The Maryland law sets the applicable standard only if it applies. Plaintiffs' position that it gives some evidence of negligence could result in any law from any state giving some evidence of negligence. The cases Plaintiffs' cite all are cases when the statute cited applied, thus giving substance to a standard for negligence.

I turn to the Mercedes Defendants' argument that the statute does apply. This is a tort case claiming injuries as a result of negligence. Typically, but not always, the location of the tort sets the standards for review of the parties' conduct.[9] Our courts apply a presumption that the law of the state where the injury occurs controls, unless another state has a more significant relationship.[10]

*Clinton v. Enterprise* presents one variation on the choice of law

---

[8]*Tri-State Truck and Equip. Co., Inc. v. Stauffer,* 330 A.2d 680, 685 (Md. Ct. Spec. App. 1975).

[9]*Travelers Indem. Co. v. Lake,* 594 A.2d 38, 47 (Del. 1991).

[10]*Clinton v. Enterprise Rent-a-Car Co.,* 977 A. 2d 892, 895 (Del. 2009).

7

theme. In *Clinton* the rental of the vehicle occurred in Maryland, and the vehicle was then stolen and taken to Delaware where an accident with injuries occurred. The issue in *Clinton* was which statute of limitations applied Delaware's two-year statute or Maryland's three-year statute of limitations. The trial court applied Delaware law since the tort and injury occurred in Delaware, and the Delaware Supreme Court affirmed on appeal.

A second derivation on the choice of law theme occurred in *Pittman v. Maldania, Inc.*[11] *Pittman* involved the lease of a jet ski in Delaware with a subsequent accident in Maryland. The Court in *Pittman* applied a Delaware statute similar to the one at issue here which required rental of a jet ski to one who had a valid driver's license. The Court analyzed the State's interests and found a compelling Delaware interest in its law with no counter interest in Maryland's law.

Finally, in *Essem v. Sone*[12] the Federal District Court for the Southern District of Maryland held that although Maryland law applied to the claims surrounding a motor vehicle collision, Virginia law (which was much more lenient than the Maryland statute) would govern the car rental contract. The contract was negotiated and executed in Virginia. Several distinctions exist here from the

[11] 2001 WL 1221704, (Del. Super. Ct. July 31, 2001).

[12] 2014 WL 4182615 (D. Md. Aug. 19, 2014).

8

circumstances in *Essem*. In *Essem* the lessee had a valid driver's license, even though it was not checked by the lessor. The Court also found the Plaintiff had failed to plead the license issue.

For me, the controlling factor here is the parties to the lease contract knew the Ford truck was rented for use in Maryland. It was delivered there for use on the construction project in Maryland. Maryland has expressed its substantial interest in insuring that those on Maryland roads have a degree of protection provided by requiring lessors to make an effort that leased vehicles are operated by qualified drivers. Delaware has no countervailing interest in not enforcing the Maryland law in contracts created in Delaware, but to be carried out in Maryland. The result I achieve is, I believe, in accordance with *Pittman*.

United Rentals also contends that even under Maryland law, its contract was with Gym Tek, not Gonzalez, and that as a practical matter it could not possibly be required to check the licenses of all Gym Tek employees.

As to the first contention, I find it of no consequence. Corporations are legal fictions. They operate through living beings, their employees. Someone had to drive the truck, and it turned out to be Gonzalez.

The second contention has a seductive quality. Perhaps the Maryland

9

law was written with the common rental to an individual in mind.  I reject this argument for two reasons.  First, it would create a two-tiered system requiring rentals to individuals be held to a stricter standard then rentals to corporations.  Second, the statute itself does not make the distinction for which United Rentals advocates.

United Rentals makes a final argument that no party making claims against it can establish causation between breach of the Maryland statute and the losses suffered in the collision.  United Rental's argument as to causation is a legitimate claim, but like almost all causation issues, it is best left for the jury.[13]

In sum, I find that under the doctrine of depecage the issues surrounding the rental contract require application of the Maryland lease law.  The Maryland law sets the standard for what is required of the lessor in the transaction and may form a basis of liability on United Rentals' part.  Causation is left for jury determination.

United Rentals' motion for summary judgment is denied.

**IT IS SO ORDERED**

Craig A. Karsnitz

2020 DEC 14 P 12: 28
FILED PROTHONOTARY
SUSSEX COUNTY

---

[13] *Burkett-Wood v. Haines*, 906 A.2d 756 (Del. 2006).

10