# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOY A. CROPPER AND BRYAN
MONTEMURRO, Wife and Husband,

   Plaintiffs,

   v.

PROGRESSIVE GARDEN STATE
INSURANCE COMPANY and LM
GENERAL INSURANCE COMPANY,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N23C-01-073 MAA

Submitted: July 30, 2024
Decided: August 8, 2024

*On Plaintiffs' Application for Certification of Interlocutory Appeal: Denied.*

## <u>ORDER</u>

James Gaspero, Jr., Esquire, and Gary S. Nitsche, Esquire, of NITSCHE & FREDRICKS, LLC, Wilmington, Delaware, Attorney for Plaintiffs.

Daniel A. Griffith, Esquire, of WHITEFORD, TAYLOR & PRESTON LLC, Wilmington, Delaware, Attorney for Defendant.

**Adams, J.**

## ORDER

## I.  INTRODUCTION

Plaintiffs, Joy A. Cropper and Bryan Montemurro (together "Plaintiffs"), move for an order certifying an interlocutory appeal to the Supreme Court of Delaware.  For the reasons that follow, the request is **DENIED**.

Plaintiffs seek appellate review of this Court's decision on July 15, 2024, granting Defendant's Motion for Partial Summary Judgment and denying Plaintiffs' Cross-Motion for Partial Summary Judgment.  The Court, in a Bench Order, interpreted the parties' Uninsured Motorist policy to limit the Plaintiffs' total recovery for injuries sustained in a motor vehicle accident to $250,000.[1]  The Court heard oral argument from both parties before ruling, and was unconvinced by Plaintiffs' assertion that Delaware law permits stacking three Uninsured Motorist policies from three different insurers despite unambiguous policy language to the contrary.[2]

## II.  APPLICABLE STANDARD

The Superior Court shall not certify an interlocutory appeal unless the underlying decision "decides a substantial issue of material importance that merits appellate review before a final judgment."[3]  Supreme Court Rule 42 requires, in

---

[1] D.I. 49.

[2] *See* Pls.' Opp'n to Def.'s Mot. for Partial Summ. J. 7.

[3] Del. Supr. Ct. R. 42(b)(i).

addition to this "gating requirement,"[4] consideration of eight factors set out in Rule 42(b)(iii).  Where the balance of the considerations is "uncertain," the Court should decline to certify the interlocutory appeal.[5]

Parties may only seek interlocutory appeal when "they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[6]  The rule directs that "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[7]

The application for certification of the interlocutory appeal is timely.  The Court, therefore, will consider the application on its merits.[8]

### III.  THE PARTIES' CONTENTIONS

Plaintiffs only address the Rule 42(b)(iii) factors, without engaging with the "material importance" requirement.[9]  Plaintiffs concede factors (D), (E), (F), and (G), are not applicable or in support of an interlocutory appeal.[10]  Plaintiffs argue factors (A), (B), (C), and (H) "support certification [and] outweigh the inapplicable

---

[4] *See State ex rel. Jennings v. BP Am.*, 2024 WL 621438, at *1 (Del. Super. Feb. 14, 2024).
[5] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. FedEx Corp.*, 2023 WL 5310443, at *2 (Del. Super. Aug. 16, 2023) (citing Del. Supr. R. 42(b)(iii)).
[6] Del. Supr. R. 42(b)(ii).
[7] *Id.*
[8] Del. Supr. R. 42(c)(i); Pls.' Appl. for Certification of Interlocutory Appeal [hereinafter "Pls.' Appl."] 3.
[9] *See generally* Pls.' Appl.
[10] *Id.* at 3–4.

3

[factors.]"[11]  Defendant disagrees with factors (A), (C), and (H), and interprets Plaintiffs' brief as conceding factor (B).[12]

Plaintiffs' entire argument in support of (A) largely quotes the factor, stating "the interlocutory order involves a question of law resolved for the first time in this State and supports certification."[13]  Characterizing this as "bare" and "conclusory," Defendant argues the Court simply "gave effect to a common provision of an insurance policy," which is something "Courts are routinely called upon" to do.[14]

Factor (B) considers whether "decisions of the trial courts are conflicting upon the question of law."  Plaintiffs concede there are no directly conflicting decisions because "this is an issue of first impression."[15]  Despite this contention, Plaintiffs nonetheless argue there is case law supporting Plaintiffs' position.[16]  Defendant interprets this as a concession that (B) is inapplicable.[17]

Factor (C) asks if the "question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order."  Plaintiff asserts the present issue "concerns the construction and application of 18 *Del. C.* §

---

[11] *Id.* at 5.
[12] *See* Def.'s Opp'n to Pls.' Appl. [hereinafter "Def.'s Opp'n"] 3.
[13] Pls.' Appl. 3.
[14] *Id.* at 5.
[15] Pls.' Appl. 3.
[16] *Id.*  Plaintiffs did not cite any "supporting" case law in its brief for the Court to consider.
[17] *See* Def.'s Opp'n 4.

4

3902(c)."[18] Defendant contests, noting that while Plaintiffs relied on 18 *Del. C.* § 3902(c) at Summary Judgment, this Court's decision did not.[19]

Factor (H) questions if "[r]eview of the interlocutory order may serve considerations of justice." Plaintiffs note without certification "the parties would be required to complete the entire bodily injury case through trial requiring medical testimony by the Plaintiffs and Defendant and require Plaintiffs to appeal this decision should the jury award them more than $135,000.00" and "Plaintiffs will not be able to attempt to resolve this matter through mediation."[20] Defendant highlights Plaintiffs' own language "should the jury award more than $135,000" to indicate the issue is not ripe until after trial, and only if the jury awards enough in damages.[21] Defendant argues an interlocutory appeal would "require extensive judicial and defense resources in a potentially inefficient detour from a path to final resolution."[22]

---

[18] Pls.' Appl. 3. 18 *Del. C.* § 3902(c) reads:
> The affording of insurance under this section to more than 1 person or to more than 1 vehicle shall not operate to increase the limits of the insurer's liability. When 2 or more vehicles owned or leased by persons residing in the same household are insured by the same insurer or affiliated insurers, the limit of liability shall apply separately to each vehicle as stated in the declaration sheet, but shall not exceed the highest limit of liability applicable to any 1 vehicle.

[19] Def.'s Opp'n 5.
[20] Pls.' Appl. 4–5.
[21] Def.'s Opp'n 5–6.
[22] *Id.* at 6.

## IV. ANALYSIS

Given Plaintiffs' lack of discussion on "material importance," the Court will first consider the factors.

Factor (A): Interpreting contracts, including insurance policies, is a question of law.[23] The Superior Court of Delaware is authorized and capable of answering questions of law at summary judgment when there are no genuine disputes of material fact, and the movant is entitled to judgment as a matter of law.[24] The Court interpreted an unambiguous insurance contract and found the policy limited the amount of coverage. Plaintiffs provide no argument as to why the Court's interpretation is "an issue of law resolved for the first time in this State." The fact that this precise policy language has not been adjudicated before does not transform it into an undecided issue of law meriting interlocutory review. The Court finds this factor weighs towards denial of certification.

Factor (B): Plaintiffs concede there are no conflicting cases, and failed to cite any cases which they allege support their position. The Court already considered the merits of Plaintiffs' arguments at Summary Judgment and found Plaintiffs' cases inapposite and distinguishable. The Court therefore does not consider this factor in favor of certification.

---

[23] *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 286 (Del. 2001).
[24] Del. Super. Ct. Civ. R. 56(c). *See, e.g.*, *Pike Creek Recreational Servs., LLC v. New Castle Cty.*, 238 A.3d 208, 213 (Del. Super. 2020).

Factor (C): Section 3902(c) allows anti-stacking provisions when there are multiple policies from the same insurer.[25] Section 3902(c) does not address cases in which there are multiple insurance policies from different insurers, which is the case here. The Court interpreted Section 3902(c) only to find it inapplicable to the policy in this case. The Court gives Plaintiffs the benefit of the doubt that this factor may support certification, but only to a limited extent given the Court primarily interpreted the unambiguous policy terms, rather than statutory interpretation.

Factor (H): To assert that an interlocutory appeal will "serve considerations of justice," the party must demonstrate that they are "in peril of irreparable harm and the other party is not."[26] If there is "no particular urgency to litigating the issue before a final judgment" the Court should not find factor (H) applies.[27] Plaintiffs concede that if a jury does not find for them, or awards damages less than $135,000, then an appeal would be moot.[28] Plaintiffs' arguments that an inability to resolve this matter through mediation, and having to proceed to trial without an interlocutory appeal are unavailing. Plaintiffs fail to explain why that makes this issue one of the *rare* occurrences in which an interlocutory appeal is necessary, compared to all other

---

[25] *See Jones v. Horace Mann Ins. Co.*, 723 A.2d 390, 393 (Del. Super. 1998); *Bromstad-Deturk v. State Farm Mut. Auto Ins. Co.*, 974 A.2d 857 (TABLE), 2009 WL 1525948, at *2 (Del. 2009).
[26] *Roman Cath. Diocese of Brooklyn, New York v. Navarro*, 2023 WL 5551018, at *3 (Del. Super. Aug. 28, 2023) (citing *DG BF, LLC v. Ray*, 237 A.3d 70 (TABLE), 2020 WL 4720685, at *2 (Del. 2020)).
[27] *In re Shawe & Elting LLC*, 131 A.3d 325 (TABLE), 2016 WL 279400, at *1 (Del. 2016).
[28] Pls.' Appl. 4–5.

cases which also must mediate and obtain final judgment before appealing. Asking the Supreme Court to review an issue that may not even be justiciable at the end of this case is not an appropriate use of judicial resources. This factor fails to support certification.

Plaintiffs have failed to demonstrate that the factors favor certification. Only factor (C) is minimally applicable, and that is insufficient for certification. Plaintiffs also did not address the threshold question of whether this appeal decides a substantive issue of material importance. To be a substantive issue, it must "decide[] a main question of law which relates to the merits of the case, and not to collateral matters."[29] The challenge to the policy limit that Plaintiffs *may* be able to appeal *if* a jury finds in their favor *above* the policy limit, is a collateral issue. Plaintiffs provide no authority to demonstrate the challenged issue is substantive; Plaintiffs did not brief material importance at all. The Court, in its discretion, also fails to see how the interpretation of unambiguous policy language raises a substantive issue of material importance. Any challenges to the Court's interpretation of the policy are appropriate, if ever, after a final judgment is entered.

---

[29] *Centrella v. Avantor, Inc.*, 2024 WL 889259, at *3 (Del. Super. Mar. 1, 2024) (internal quotations and citations omitted). *See, e.g.*, *In re Delaware Pub. Schs. Litig.*, 2022 WL 1220075, at *10 (Del. Ch. Apr. 26, 2022) (finding whether a party can obtain a fee award to be a collateral issue).

## V.  CONCLUSION

Plaintiffs have not established that there is an issue of "material importance" nor that the eight factors in Supreme Court Rule 42(b)(iii) weigh in favor of interlocutory appeal.   Therefore, Plaintiffs' Application for Certification of Interlocutory Appeal is **DENIED**.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**